UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MICHAEL JOSEPH MATTINGLY,<br>    Plaintiff,<br>    v.<br>CALIFORNIA DEPARTMENT OF PARKS AND RECREATION, et al.,<br>    Defendants. | Case No. 23-cv-03754-VKD<br><br>**ORDER GRANTING CALIFORNIA DEPARTMENT OF PARKS AND RECREATION'S MOTION TO DISMISS FEDERAL CLAIMS**<br><br>Re: Dkt. No. 18 |

Plaintiff Michael Joseph Mattingly sues the California Department of Parks and Recreation ("CDPR") and several of its officers, asserting federal and state law claims for violations of his civil rights. The officer defendants answered the complaint. Dkt. No. 10. CDPR moves pursuant to Rules 12(b)(1) and 12(b)(6) to dismiss Mr. Mattingly's federal claims. Dkt. No. 18. Mr. Mattingly opposes the motion. Dkt. No. 22. The matter is deemed suitable for determination without oral argument. Civil L.R. 7-1(b). The November 7, 2023 hearing is vacated. Upon consideration of the moving and responding papers, the Court grants CDPR's motion to dismiss Mr. Mattingly's federal claims.[1]

**I. BACKGROUND**

According to his complaint, on July 31, 2021 Mr. Mattingly participated in a small protest at Twin Lakes Beach in Santa Cruz, California. *See* Dkt. No. 1 ¶¶ 11, 12. The protesters were surrounded by the individual officer defendants. *Id*. ¶ 11. Mr. Mattingly says that, after singing

---

[1] All parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by a magistrate judge. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73; Dkt. Nos. 16, 19, 20, 21.

protest music, he packed up his music equipment and then attempted to provide written notice to defendant Officer Estes that state park police "lacked lawful authority to arrest or cite individuals for being on the beach." *Id*. ¶ 12. Mr. Mattingly alleges that while he was attempting to give this notice, Officer Estes "armed with a weapon, moved his body into [Mr. Mattingly]'s chest forcing [Mr. Mattingly] to back up into a group of waiting officers." *Id*. ¶ 14. The complaint further alleges that Mr. Mattingly was then assaulted by armed Officers Tabone, Weaver, and Thorne from behind. *Id*. ¶ 15. Two officers reportedly knocked the notice and a recording device out of Mr. Mattingly's hands and then handcuffed him "using an unlawfully posted curfew sign as the reason for [his] arrest." *Id*. Mr. Mattingly says that the officers did not inform him that "he was under arrest or would be arrested for code violations before he was assaulted and put in handcuffs." *Id*. ¶ 16. He maintains that he did not pose any threat to the officers and that there was no lawful reason for his arrest. *See, e.g., id*. ¶¶ 19, 31, 32. He further alleges that he was unlawfully detained, and that discovery obtained in a state court proceeding reveals that the officers had targeted the protesters to suppress their free speech. *See, e.g., id*. ¶¶ 19, 105. According to the complaint, after a jury trial in state court proceedings, "all charges were dismissed [on] November 30, 2022." *Id*. ¶ 10.

On July 27, 2023, Mr. Mattingly filed the present action against CDPR and its officers, asserting violations of his civil rights, pursuant to 42 U.S.C. § 1983, based on the Fourth Amendment of the U.S. Constitution (claim 1), the Fifth Amendment of the U.S. Constitution (claim 2), and the First Amendment of the U.S. Constitution (claim 3), as well as a claim for violation of the California Constitution, article X, section 4 (claim 4), and a "California Government Claim" (claim 5). Mr. Mattingly seeks damages, declaratory relief, and injunctive relief "enjoining the [defendants] from engaging in further violations of [his] constitutional rights." Dkt. No. 1 ¶¶ 135-144.

CDPR moves to dismiss Mr. Mattingly's federal claims, arguing that the Eleventh Amendment bars these claims and that a § 1983 claim cannot be stated against CDPR because it is not a "person" under the statute.

## II. LEGAL STANDARD

While it "may be described as either creating an immunity for states or establishing a jurisdictional limitation on federal courts," *Charley's Taxi Radio Dispatch Corp. v. SIDA of Hawaii, Inc.*, 810 F.2d 869, 873 n.2 (9th Cir. 1987), the Eleventh Amendment "does not automatically destroy a court's original jurisdiction," *Wisconsin Dep't of Corrs. v. Schacht*, 524 U.S. 381, 389 (1998). "Rather, the Eleventh Amendment grants the State a legal power to assert a sovereignty defense should it choose to do so." *Id.*; *see also Tritchler v. County of Lake*, 358 F.3d 1150, 1153-54 (9th Cir. 2004) ("We have stated that Eleventh Amendment immunity does not implicate a federal court's subject matter jurisdiction in any ordinary sense and that it should be treated as an affirmative defense.") (internal quotations and citation omitted); *Miles v. California*, 320 F.3d 986, 988, 989 (9th Cir. 2003) (A "dismissal based on Eleventh Amendment immunity is not a dismissal for lack of subject matter jurisdiction. . . . . We treat Eleventh Amendment immunity as an affirmative defense."). The Court evaluates a motion to dismiss based on Eleventh Amendment immunity under Rule 12(b)(6). *See, e.g., Steshenko v. Gayrard*, 44 F. Supp. 3d 941, 947-49 & n.1 (N.D. Cal. 2014).

While pro se pleadings are liberally construed, dismissal for failure to state a claim is warranted if the complaint fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also* Fed. R. Civ. P. 12(b)(6). A complaint must include facts that are "more than labels and conclusions, and formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp.*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Only plausible claims for relief will survive a motion to dismiss. *Id.* at 679. In a challenge to the sufficiency of a pleading under Rule 12(b)(6), all material allegations in the complaint must be taken as true and construed in the light most favorable to the claimant. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

## III. DISCUSSION

Absent consent to suit, "a suit in which the State or one of its agencies or departments is

named as the defendant is proscribed by the Eleventh Amendment." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). It is well "establish[ed] that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another state." *Id*. (internal quotations and citation omitted); *see also Dittman v. California,* 191 F.3d 1020, 1025 (9th Cir. 1999) ("In the absence of a waiver by the state or a valid congressional override, [u]nder the eleventh amendment, agencies of the state are immune from private damage actions or suits for injunctive relief brought in federal court.") (internal quotations and citation omitted). "A federal court must examine each claim in a case to see if the court's jurisdiction over that claim is barred by the Eleventh Amendment." *Pennhurst*, 465 U.S. at 121.

With respect to CDPR, the gravamen of Mr. Mattingly's claims is that CDPR posted a curfew sign at Twin Lakes Beach, without a proper permit, had unlawful policies and practices, and did not properly train its officers, and thus violated his rights under federal and state law. *See* Dkt. No. 1 ¶¶ 23, 95, 101, 108, 124, 127, 128.

CDPR was created by the California Legislature to administer California's state parks. *See* Cal. Pub. Res. Code §§ 501, 504; *see also* Cal. Gov. Code § 900.6 ("'State' means the State and any office, officer, department, division, bureau, board, commission or agency of the State claims against which are paid by warrants drawn by the Controller."). District courts in California have found that CDPR is a state agency for purposes of Eleventh Amendment immunity with respect to claims under 42 U.S.C. § 1983. *See, e.g., Paul v. Redwood Nat'l & State Parks Dep't*, No. 17-cv-07197-SI, 2018 U.S. Dist. LEXIS 106877, at *2 (N.D. Cal. June 26, 2018) (dismissing CDPR from § 1983 civil rights action "because the CDPR, as a state agency, is immune from suit under the Eleventh Amendment."); *Hahn v. Cal, Dep't of Parks & Recreation*, No. 2:09-cv-01479-JAM-GGH, 2009 WL 3048716, at *3 (E.D. Cal. Sept. 18, 2009) (dismissing claims against CDPR because "[a]s a state agency, [CDPR] is protected by the Eleventh Amendment and cannot be sued in federal court for any of the claims for relief," including those under 42 U.S.C. § 1983). Mr. Mattingly appears to acknowledge that there is no basis under § 1983 to sue CDPR, although he contends that the constitutional nature of his claims override any Eleventh Amendment immunity. *See* Dkt. No. 22 ¶¶ 19, 20. However, "if a lawsuit against state officials under 42 U.S.C. § 1983

4

alleges a constitutional claim, the federal court is barred from awarding damages against the state treasury even though the claim arises under the Constitution." *Pennhurst*, 465 U.S. at 120. "The [Eleventh] Amendment thus is a specific constitutional bar against hearing even *federal* claims that otherwise would be within the jurisdiction of the federal courts." *Id.*

There are three exceptions to Eleventh Amendment immunity. First, "Congress may abrogate that immunity pursuant to its lawmaking powers conferred by the United States Constitution." *Steshenko*, 44 F.Supp.3d at 949 (citing *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 80 (2000)). Second, a State may waive its Eleventh Amendment immunity, by consenting to suit. *Id.* (citing *College Sav. Bank Florida v. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999)). Third, "under the *Ex parte Young* doctrine, immunity does not apply when the plaintiff chooses to sue a state official in his or her official capacity for prospective injunctive relief." *Id.* (citing *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 73 (1996)); *see also Ex parte Young*, 209 U.S. 123, 155-57 (1908).

"The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court." *Dittman*, 191 F.3d at 1025-26. Additionally, "the Supreme Court has held that '§ 1983 was not intended to abrogate a State's Eleventh Amendment immunity.'" *Id.* at 1026 (quoting *Kentucky v. Graham*, 473 U.S. 159, 169 n. 17 (1985)). Moreover, CDPR has not waived immunity under the Eleventh Amendment insofar as CDPR asserted the defense with respect to Mr. Mattingly's federal claims in its response to the complaint. Finally, the *Ex Parte Young* exception only applies to claims against state officials, not against state agencies, such as CDPR. *See Douglas v. Cal. Dep't of Youth Authority*, 271 F.3d 812, 821 n.6 (9th Cir. 2001); *In re Lazar*, 237 F.3d 967, 976 n.9 (9th Cir. 2001); *Steshenko*, 44 F. Supp. 3d at 950.

In any event, Mr. Mattingly's complaint does not assert plausible § 1983 claims against CDPR because "a State is not a person within the meaning of § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64 (1989); *see also id.* at 69 ("We find nothing substantial in the legislative history that leads us to believe that Congress intended that the word 'person' in § 1983 included the States of the Union."); *Cornel v. Hawaii*, 37 F.4th 527, 531 (9th Cir. 2022) ("States

or governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes are not 'persons' under § 1983.") (quotations and citation omitted).

Accordingly, all of Mr. Mattingly's federal claims against CDPR are dismissed.

Rule 15(a) of the Federal Rules of Civil Procedure "provides that leave to amend should be freely given when justice so requires," because "the court must remain guided by the underlying purpose of Rule 15 . . . to facilitate decisions on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks and citation omitted). "The decision of whether to grant leave to amend nevertheless remains within the discretion of the district court," which may deny leave to amend if allowing amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the party seeking amendment has acted in bad faith. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). On the present record, the Court concludes that there are no additional facts that could be alleged in an amended pleading that would permit Mr. Mattingly to press his federal claims against CDPR. Accordingly, Mr. Mattingly's federal claims against CDPR are dismissed without leave to amend.

## IV.   CONCLUSION

Based on the foregoing, CDPR's motion to dismiss Mr. Mattingly's federal claims is granted. The federal claims asserted against CDPR are dismissed without leave to amend.

**IT IS SO ORDERED.**

Dated: November 2, 2023

Virginia K. DeMarchi
United States Magistrate Judge