UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MICHAEL JOSEPH MATTINGLY,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CALIFORNIA DEPARTMENT OF PARKS AND RECREATION, et al.,<br><br>　　　　Defendants. | Case No. 23-cv-03754-VKD<br><br>**ORDER GRANTING DEFENDANTS' MOTION IN LIMINE**<br><br>Re: Dkt. No. 55 |

The Court held a pretrial conference in this matter on October 23, 2024. Dkt. No. 68. This order resolves defendants' motion in limine, Dkt. No. 55.[1] The Court will issue separate orders regarding the parties' proposed jury instructions and other matters discussed during the pretrial conference.

The sole claim remaining for trial is Mr. Mattingly's First Amendment retaliation claim, asserted against defendants Estes, Tabone, Weaver, Thorne, Filous, Ward, and Ackemann (collectively "defendants"),[2] only to the extent that it is based on Mr. Mattingly's claimed protected activity of attempting to hand documents to Sergeant Estes. *See* Dkt. No. 50. Defendants move for an order to exclude any evidence, testimony, or reference to interactions between California Department of Parks and Recreation ("Parks") peace officers and Mr. Mattingly and/or members of the "Freedom Fire" group that occurred after the July 31, 2021 date

---

[1] Mr. Mattingly did not file any motions in limine.

[2] The Court dismissed all claims asserted against defendant California Department of Parks and Recreation. The parties stipulated to the dismissal of defendants Gabe McKenna and Joe Walters. *See* Dkt. Nos. 26, 50, 54, 56.

of Mr. Mattingly's arrest, including any evidence of Mr. Mattingly's subsequent arrest in 2022, his acquittal at his criminal trial in November 2022, and the arrest of others in the "Freedom Fire" group. Dkt. No. 55 at 1. Defendants argue that such evidence is not relevant, and that any probative value is outweighed by the potential for unfair prejudice. As discussed below, Mr. Mattingly does not oppose defendants' motion in limine with respect to his November 2022 acquittal. He otherwise argues that evidence post-dating his July 31, 2021 arrest is relevant to show the totality of the circumstances surrounding his arrest and to establish that his July 31, 2021 arrest is consistent with a pattern of behavior by Parks officers.

On a claim for First Amendment retaliation, a plaintiff must establish facts showing that (1) he was engaged in a constitutionally protected activity; (2) the defendants' actions would chill a person of ordinary firmness from continuing to engage in the protected activity; and (3) the protected activity was a substantial or motivating factor in the defendants' conduct. *O'Brien v. Welty*, 818 F.3d 920, 932 (9th Cir. 2016) (citations omitted). Defendants' motion in limine appears to focus on the third element regarding causation and on Mr. Mattingly's arrest for violation of California Penal Code § 148.[3]

To prevail on a claim for First Amendment retaliation, "a plaintiff must establish a 'causal connection' between the government defendant's 'retaliatory animus' and the plaintiff's 'subsequent injury.'" *Nieves v. Bartlett*, 578 U.S. 391, 398 (2019) (quoting *Hartman v. Moore*, 547 U.S. 250, 259 (2006)). "It is not enough to show that an official acted with a retaliatory motive and that the plaintiff was injured—the motive must cause the injury. Specifically, it must be a 'but-for' cause, meaning that the adverse action against the plaintiff would not have been taken absent the retaliatory motive." *Id*. "The plaintiff must show that the retaliation was a substantial or motivating factor behind the arrest, and, if that showing is made, the defendant can prevail only by showing that the arrest would have been initiated without respect to retaliation."

---

[3] At the motion hearing, defendants confirmed that unlike Mr. Mattingly's arrest based on violation of California Code of Regulations § 4326, defendants contend that an arrest based on violation of California Penal Code § 148 does not fall within the "narrow" exception described in *Nieves* regarding arrests for which officers have probable cause, but "typically exercise their discretion not to do so." *Nieves v. Bartlett*, 587 U.S. 391, 406 (2019).

*Id*. at 405 (quotations and citation omitted) (cleaned up). As noted by the Ninth Circuit, this causation requirement is:

> established whenever a particular outcome would not have happened 'but-for' the purported cause. 'In other words, a but-for test directs us to change one thing at a time and see if the outcome changes. If it does, we have found a but-for cause.' Under this test, if the outcome (the adverse action) would not have occurred without the government official's retaliatory animus, then that animus was a but-for cause of the adverse action. Conversely, if the government officials would have taken the same adverse action even in the absence of their animus or retaliatory motive arising from the plaintiff's speech, then the officials' animus was not a but-for cause of the adverse action, and there was no violation of the plaintiff's constitutional rights.

*Boquist v. Courtney*, 32 F.4th 764, 778 (9th Cir. 2022) (quoting *Bostock v. Clayton Cnty., Ga.*, 590 U.S. 644, 656 (2020)). "'It may be dishonorable to act with an unconstitutional motive and perhaps in some instances be unlawful, but action colored by some degree of bad motive does not amount to a constitutional tort if that action would have been taken anyway.'" *Id*. (quoting *Hartman*, 547 U.S. at 260). Causation may be shown with either direct or circumstantial evidence. *Ulrich v. City & Cnty. of San Francisco*, 308 F.3d 968, 979 (9th Cir. 2002). In determining whether the causation element is met, courts have considered "circumstantial evidence such as a proximity in time between the protected speech and the adverse action, the defendant's expression of opposition to the protected speech, and evidence that the defendant proffered false or pretextual explanations for the adverse action." *Boquist*, 32 F.4th at 777.

At the hearing on the present motion, Mr. Mattingly stated that he does not intend to introduce any evidence regarding his November 2022 acquittal in the underlying criminal case. Accordingly, defendants' motion in limine to exclude all evidence, testimony, or reference to Mr. Mattingly's November 2022 acquittal is granted as unopposed.

Mr. Mattingly argues that he should be permitted to present an August 2022 report[4] by Parks Officer Jacqueline Jurek regarding Mr. Mattingly's July 30, 2022 arrest (i.e., nearly one year after his July 31, 2021 arrest at issue in the present action). The report references several

---

[4] Officer Jurek's report has been submitted to the Court as Mr. Mattingly's proposed Exhibit No. 21 for trial.

3

1   occasions on which Mr. Mattingly and others were arrested for violations of California laws or
2   regulations at Twin Lakes State Beach between June 2020 and October 2021.  Mr. Mattingly
3   argues that one statement in the report is relevant to show the "chilling effect" of such arrests:
4   "The group still uses Twin Lakes State Beach for protesting events but the activity is less frequent
5   since several members of the groups have been arrested."  *See* Proposed Ex. No. 21 at 1.

6         To the extent Mr. Mattingly seeks to present Officer Jurek's report for the truth of that
7   statement, the report is hearsay.  Fed. R. Evid. 801.  Additionally, it is not apparent that Officer
8   Jurek's report is relevant.  Officer Jurek is not a party to the present action and has not been
9   identified as someone who had any involvement in the July 31, 2021 incident in question.
10  Although her report references Mr. Mattingly's July 31, 2021 arrest for violation of California
11  Code of Regulations § 4326, the Court has already granted summary judgment in defendants'
12  favor on that issue.  The sole remaining issue is whether defendants retaliated against Mr.
13  Mattingly for attempting to hand documents to Sergeant Estes.  The relevance of Officer Jurek's
14  report—which references arrests or citations of other people, on different dates, and under varying
15  circumstances—is not apparent.  Unless he can lay a proper evidentiary foundation for Officer
16  Jurek's report, Mr. Mattingly will not be permitted to offer this report at trial.

17        Mr. Mattingly argues that he should be permitted to present evidence regarding the
18  circumstances surrounding the arrests of, and stay-away orders issued to, other individuals—
19  namely, Andres Martin and Staci Laras.  The present lawsuit concerns the arrest of Mr. Mattingly,
20  and Mr. Mattingly alone.  To the extent evidence of the arrests of, and stay-away orders issued to,
21  other individuals is offered to show that other, subsequent arrests were motivated by a desire to
22  suppress or retaliate for protected activity by Mr. Mattingly or others, and that these other arrests
23  suggest that defendants likewise had a retaliatory motive for detaining or arresting Mr. Mattingly
24  on July 31, 2021, these other, subsequent arrests have no probative value.  Moreover, evidence of
25  such arrests is likely to be confusing and prejudicial, as it would involve mini-trials as to the
26  particular circumstances and conduct at issue in each post-July 31, 2021 incident.  Mr. Mattingly
27  has not demonstrated how or why events concerning post-July 31, 2021 events are probative of the
28  reasons for his July 31, 2021 arrest.  Fed. R. Evid. 401, 402.

To the extent Mr. Mattingly seeks to use post-July 31, 2021 events to establish defendants' "habit" and use such evidence to retroactively establish conformance with "habit" in connection with his July 31, 2021 arrest, he misplaces reliance on Federal Rule of Evidence 406. Rule 406 provides that "[e]vidence of a person's habit or an organization's routine practice may be admitted to prove that on a particular occasion the person or organization acted in accordance with the habit or routine practice." Fed. R. Evid. 406. Habit is a "regular response to a repeated specific situation" and describes behavior that is "semi-automatic as opposed to volitional." *See United States v. Angwin*, 271 F.3d 786, 798-99 (9th Cir. 2001) (citing Fed. R. Evid. 406), *overruled on other grounds by United States v. Lopez*, 484 F.3d 1186 (9th Cir. 2007); *see also* Fed. R. Evid. 406, advisory committee note (describing "habit" as a person's "regular practice of meeting a particular kind of situation with a specific type of conduct, such as the habit of going down a particular stairway two stairs at a time, or of giving the hand-signal for a left turn, or of alighting from railway cars while they are moving."); 2 Jack B. Weinstein & Margaret A. Berger, *Weinstein's Fed. Evid*. § 406.02[4] (Mark S. Brodin, ed., Matthew Bender 2ded. 2024) ("Habit refers to a succession of prior, separate acts. It must be distinguished from the prior part of a continuing act"). The evidence Mr. Mattingly seeks to introduce does not show specific, regular, and numerous acts or conduct sufficiently similar to the alleged retaliation at issue here. *See, e.g., Angwin*, 271 F.3d at 799-800 (finding that defendant's training and experience in "dangerous situations in general" was insufficiently similar, specific, or reflexive to be admissible as "habit" evidence under Rule 406); *McCarrick v. New York City Off-Track Betting Corp.*, No. 91 CIV. 5626 (SWK), 1995 WL 261516, at *5 (S.D.N.Y. May 3, 1995) (evidence of employer's alleged discrimination against different individuals under varying circumstances "is not the sort of repeated conduct covered by Rule 406.")

Accordingly, except to the extent that Mr. Mattingly is able to lay a proper foundation for presenting Officer Jurek's report, defendants' motion in limine to exclude any evidence, testimony, or reference to interactions between Parks peace officers and Mr. Mattingly and/or members of the "Freedom Fire" group that occurred after the July 31, 2021 date of Mr.

1 | Mattingly's arrest is granted.

2 | **IT IS SO ORDERED.**

3 | Dated: November 1, 2024

Virginia K. DeMarchi
United States Magistrate Judge