1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

8
9
10
11
12
13

MICHAEL JOSEPH MATTINGLY,

          Plaintiff,

   v.

CALIFORNIA DEPARTMENT OF PARKS
AND RECREATION, et al.,

        Defendants.

Case No.  23-cv-03754-VKD

**PRETRIAL ORDER NO. 1**

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

The Court held a final pretrial conference on October 23, 2024, and now orders as follows:

**1.  Issues to Be Decided at Trial**

The sole claim remaining for trial is Mr. Mattingly's First Amendment retaliation claim, asserted against defendants Estes, Tabone, Weaver, Thorne, Filous, Ward, and Ackemann (collectively "defendants"),[1] only to the extent that it is based on Mr. Mattingly's claimed protected activity of attempting to hand documents to Sergeant Estes.  *See* Dkt. No. 50.  In order to prevail, Mr. Mattingly must show that he has a constitutional right to do so.  As discussed below, to the extent Mr. Mattingly bases his retaliation claim on the act of serving legal process, the law does not recognize such conduct as inherently expressive activity protected by the First Amendment.

**2.  Neutral Statement of the Case**

As discussed at the pretrial conference, the Court will read the following neutral statement

---

[1] The Court dismissed all claims asserted against defendant California Department of Parks and Recreation, and the parties stipulated to the dismissal of defendants Gabe McKenna and Joe Walters.  *See* Dkt. Nos. 26, 50, 54, 56.

United States District Court
Northern District of California

of the case to the jury:

This case concerns an encounter between plaintiff Michael Mattingly and California Department of Parks and Recreation ("Parks") peace officers on the night of July 31, 2021 at Twin Lakes State Beach Park in Santa Cruz, California. Mr. Mattingly claims that the officers' conduct constitutes retaliation for what he says was the exercise of his First Amendment rights—namely, his attempt to hand documents to one of the Parks officers. The defendant officers contend that they were lawfully enforcing the 10:00 p.m. park closing time and that Mr. Mattingly restricted, delayed, and obstructed them in their enforcement efforts. The officers further contend that Mr. Mattingly's attempt to hand documents was not a substantial or motivating factor for their conduct.

**3. Trial Witnesses**

The parties jointly propose to call each of the defendant officers to testify at trial. Dkt. No. 58-1 at 2. Defendants have not identified any other witnesses that they intend to call at trial. At the pretrial conference, the parties stated that they agree that defendants may conduct their direct examination of officers called to testify during Mr. Mattingly's case-in-chief, in order to minimize the need for officers to appear more than once to testify during trial.

At the pretrial conference, Mr. Mattingly stated that the following individuals need not testify at trial and may be removed from his witness list[2]: Mike Van Roy, David James Rodrigues, Jim Kormos, Kasey Koerner, Bernadette Alvarado, and Mark Pappakostas.

For the reasons stated on the record during the pretrial conference, the Court resolves the parties' respective objections and other matters regarding Mr. Mattingly's remaining trial witnesses as follows:

**a. Captain Gabe McKenna and Captain Joe Walters**

Mr. Mattingly proposes to call Captain McKenna to testify at trial regarding "record

---

[2] As discussed at the pretrial conference, and in the Court's separate order on defendants' motion in limine, the remaining issue for trial concerns Mr. Mattingly's claimed protected activity of attempting to hand documents to Sergeant Estes on July 31, 2021. The activities of others, including their attempts to give documents to other officials, is not relevant. Fed. R. Evid. 401, 402.

United States District Court
Northern District of California

United States District Court
Northern District of California

keeping and receipt of service of legal documents at Parks." Dkt. No. 58-1 at 2. He also proposes to call Captain Joe Walters to testify at trial for the same reason. *Id*. The apparent purpose of such testimony is to explain why Mr. Mattingly was attempting to hand documents to Sergeant Estes on July 31, 2021. At the pretrial conference, Mr. Mattingly stated that he also seeks to have Captain Walters testify about Mr. Mattingly's phone call to complain about officers' conduct on July 24, 2021. Defendants object to the proposed testimony, citing Rules 401, 402, and 403.

Unless he can establish proper foundation and relevance, Mr. Mattingly will not be permitted to present testimony from Captain Walters regarding his phone call about officers' conduct on July 24, 2021. Fed. R. Evid. 401, 402, 403.

To the extent Mr. Mattingly seeks to present testimony from Captain McKenna and/or Captain Walters to provide context, i.e., to explain why he was attempting to hand documents to Sergeant Estes on July 31, 2021, the Court will defer its ruling to allow the parties to confer for the purpose of seeing if they may be able to agree on a limited scope of testimony, or to a stipulated set of facts, that may minimize the need to call one or both of these witnesses at trial. The parties shall report on **November 14, 2024** whether they have been able reach any such agreement and the agreed-upon scope of testimony or stipulated facts. To the extent the parties are unable to agree, they shall briefly state (i.e., in one or two sentences) the nature of the disagreement.

**b. Jacqueline Jurek**

Officer Jurek is identified as a Parks officer who arrested Mr. Mattingly in July 2022, almost exactly one year after the July 31, 2021 arrest at issue in the present action. For the reasons stated in the Court's separate order on defendants' motion in limine, Mr. Mattingly will not be permitted to call Officer Jurek to testify at trial, absent a proper evidentiary foundation.

**c. Ben Cogan**

In addition to testimony about the July 31, 2021 incident, Mr. Mattingly proposes to call Mr. Cogan to testify about videos showing Parks officers' interactions with Mr. Mattingly and others on a proximate occasion on July 24, 2021 (and into the early morning hours of July 25, 2021). Although defendants have not stated an objection to Mr. Cogan's proposed testimony, as discussed at the pretrial conference, the parties shall confer to determine whether editing is

1  required for any portion of the July 24, 2021/July 25, 2021 videos that may not be germane to the

2  purpose of the proposed testimony.

3      **d.  Theresa Buccola**

4      Ms. Buccola is identified as a witness "[p]resent at the incident" and who "recorded [the]

5  incident." Dkt. No. 58-1 at 2. At the pretrial conference, Mr. Mattingly stated that he will call

6  Ms. Buccola to testify about the creation of the documents that Mr. Mattingly attempted to hand to

7  Sergeant Estes on July 31, 2021. As there is no objection to Ms. Buccola's proposed testimony,

8  Mr. Mattingly is permitted to call her to testify at trial for that purpose, as long as her testimony is

9  not cumulative or duplicative of the testimony of other witnesses. Fed. R. Evid. 403.

10      **e.  Staci Laras**

11      For reasons stated in the Court's separate order on defendants' motion in limine, Mr.

12  Mattingly may not present testimony from Ms. Laras regarding "her subsequent arrest and

13  videos." Subject to laying a proper foundation, Mr. Mattingly may call Ms. Laras to testify about

14  the July 31, 2021 incident, as long as her testimony is not cumulative or duplicative of the

15  testimony of other witnesses. Fed. R. Evid. 403.

16      **f.  Andres Martin**

17      Mr. Mattingly proposes to call Mr. Martin to testify "about experiences with Rangers after

18  10 p[.]m[.] before and after July 31, 2021 incident." Dkt. No. 58-1 at 3. For reasons stated in the

19  Court's separate order on defendants' motion in limine, Mr. Mattingly may not present testimony

20  from Mr. Martin to testify about matters post-dating the July 31, 2021 incident. Fed. R. Evid. 401,

21  402, 403. Subject to laying a proper foundation, Mr. Mattingly may call Mr. Martin to testify

22  about interactions with Parks officers on July 24, 2021 (and/or into the early morning hours of

23  July 25, 2021), as long as Mr. Martin's testimony is not cumulative or duplicative of the testimony

24  of other witnesses. Fed. R. Evid. 403.

25      **g.  James Whitman**

26      Mr. Whitman is identified as a witness who will "[t]alk about his experiences with the

27  State Parks Police and how they surrounded his fire on July 31, 2021." Dkt. No. 58-1 at 3. At the

28  pretrial conference, Mr. Mattingly clarified that the scope of Mr. Whitman's proposed testimony

United States District Court
Northern District of California

United States District Court
Northern District of California

1
2
3
4

concerns Mr. Whitman's experience with Parks officers at a different fire on Twin Lakes Beach after 10 p.m. on July 31, 2021. Mr. Mattingly may call Mr. Whitman with respect to that narrowed scope of testimony, as long as Mr. Whitman's testimony is not cumulative or duplicative of the testimony of other witnesses. Fed. R. Evid. 403.

5

**4. Proposed Exhibits**

6
7
8
9
10

At the pretrial conference, the parties confirmed that their final set of proposed trial exhibits are reflected in the amended exhibit list defendants e-filed on October 17, 2024 (Dkt. No. 62) and the Exhibit Nos. 1-37 that subsequently were lodged with the Court. As discussed at the conference, the Court will rely on those lodged exhibits, and not on the exhibits Mr. Mattingly e-filed on October 16, 2024 (Dkt. No. 59).

11
12
13

In addition to other matters to be filed by **November 14, 2024**, the parties shall submit a revised exhibit list in compliance with the rulings below. The parties' revised exhibit list must not contain labels or titles using provocative language suggestive of an exhibit's contents.

14
15

For the reasons stated on the record during the pretrial conference, the Court resolves the parties' respective objections and other matters regarding proposed exhibits as follows:

16

**a. Proposed Exhibit Nos. 6, 7 (July 25, 2021 videos)**

17
18
19
20
21

Mr. Mattingly may present these videos at trial for the limited purpose of showing how Parks officers interacted with alleged similarly situated individuals on a proximate occasion after 10 p.m. As discussed above, however, the parties shall confer to determine whether editing is required for any portion of the July 24, 2021/July 25, 2021 videos that may not be germane to that purpose.

22

**b. Proposed Exhibit No. 10 (undated video)**

23
24
25
26
27

Although it is not entirely clear, this video appears to have been recorded on the night of the July 31, 2021 incident, after Mr. Mattingly was taken to a patrol vehicle. The relevance of this proposed exhibit is not apparent, as the video shows little or nothing of the interaction(s) between Mr. Mattingly and Parks officers. Unless Mr. Mattingly can lay a proper foundation and relevance, this exhibit is excluded. Fed. R. Evid. 401, 402, 403.

28

United States District Court
Northern District of California

**c.  Proposed Exhibit Nos. 11-15 (arrests of Staci Laras and Andres Martin)**

For reasons stated in the Court's separate order on defendants' motion in limine, these exhibits are excluded.

**d.  Proposed Exhibit No. 16 (video of service by others)**

These exhibits are excluded, as Mr. Mattingly has not demonstrated why they are probative of any material issue.  Fed. R. Evid. 401, 402.

**e.  Proposed Exhibit No. 17 (certificate of proof of service)**

This exhibit is excluded, as Mr. Mattingly has not demonstrated why it is probative of any material issue.  Fed. R. Evid. 401, 402.

**f.  Proposed Exhibit No. 18 ("Lawful Notification to Estes from Ben Cogan")**

As confirmed at the pretrial conference, proposed Exhibit No. 18 is the document Mr. Mattingly was attempting to hand to Sergeant Estes on July 31, 2021.  Mr. Mattingly stated that he is not offering the document for the truth of the matters stated therein.  Accordingly, defendants' objection based on Fed. R. Evid. 801 is overruled.

**g.  Proposed Exhibit Nos. 19 and 20 (emails to government officials)**

These exhibits are excluded, as Mr. Mattingly has not demonstrated why they are probative of any material issue.  Fed. R. Evid. 401, 402.

**h.  Proposed Exhibit No. 21 (August 2022 report)**

For the reasons discussed in the Court's separate order on defendants' motion in limine, and absent a proper evidentiary foundation, Mr. Mattingly will not be permitted to present this report at trial.  Fed. R. Evid. 401, 402, 403.

**i.  Proposed Exhibit No. 22 (Article XX section 3 Oath of Office)**

This exhibit is excluded, as Mr. Mattingly has not demonstrated why it is probative of any material issue.  Fed. R. Evid. 401, 402.  There is no dispute that defendants are bona fide Parks peace officers.  At the pretrial conference, Mr. Mattingly argued that this document is relevant as a basis for his claimed damages.  Citing to 18 U.S.C. § 3571 in a separate "Statement of Relief," he maintains that "[a]n officer who violates someone[']s rights would be guilty of felony perjury their sworn and subscribed oath of office."  Dkt. No. 59-21 at 3.  The cited criminal statute has no

bearing on the present civil action.  *See Allen v. Gold County Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006) (criminal statutes do not give rise to civil liability).

**j.  Proposed Exhibit Nos. 23-30 (various "service" documents re defendant officers)**

These exhibits are excluded, as Mr. Mattingly has not demonstrated why they are probative of any material issue.  Fed. R. Evid. 401, 402.

**k.  Proposed Exhibit No. 31 (criminal complaint)**

This exhibit is a copy of the August 31, 2021 criminal complaint filed by the Santa Cruz District Attorney against Mr. Mattingly.  Mr. Mattingly seeks to present this document at trial to show that the complaint did not contain a charge for violation of California Penal Code § 148.  The District Attorney's charging decision is not at issue.  The issue regarding California Penal Code § 148 is whether defendants had reasonable suspicion to detain Mr. Mattingly or probable cause to arrest him for violating that statute.  This exhibit is excluded.  Fed. R. Evid. 401, 402, 403.

**l.  Proposed Exhibit No. 32 (transcript of July 31, 2021 cell phone video)**

As clarified at the pretrial conference, proposed Exhibit No. 32 is a transcript of Mr. Mattingly's cell phone video of the July 31, 2021 incident, which apparently was presented by the Santa Cruz District Attorney at Mr. Mattingly's criminal trial.  Generally, recordings themselves are actual evidence, whereas transcripts of recordings are merely aids to understanding the recordings.  *See United States v. Franco*, 136 F.3d 622, 626 (9th Cir. 1998); *see also* Ninth Circuit Model Civil Jury Instruction No. 2.5.  Mr. Mattingly's proposed Exhibit No. 32 is permissible, to the extent the parties agree that a transcript of Mr. Mattingly's cell phone video would be helpful and that the jury should be given a copy of the transcript.  However, if the parties do not so agree, the jury will have to rely on Mr. Mattingly's cell phone video recording itself.

**m.  Proposed Exhibit No. 33 (compressed audio file of July 31, 2021 cell phone video)**

There is no objection to this proposed exhibit.  However, as discussed at the pretrial conference, Mr. Mattingly should ensure that he can properly play the file at trial.

**n.  Proposed Exhibit Nos. 34-36 (documents re service of process)**

These exhibits are excluded, as Mr. Mattingly has not demonstrated why they are probative

United States District Court
Northern District of California

United States District Court
Northern District of California

of any material issue.  Fed. R. Evid. 401, 402.  Claims for First Amendment retaliation "need not be tethered to the speech or associational freedoms secured by that Bill of Rights provision." *Blaisdell v. Frappiea*, 729 F.3d 1237, 1246-47 (9th Cir. 2013).  "Instead—as an aspect of the unconstitutional conditions doctrine—a claim for retaliation can be based upon the theory that the government imposed a burden on the plaintiff, more generally, 'because he exercise[d] a constitutional right.'"  *Id*. at 1242 (quoting *Regan v. Taxation With Representation of Washington*, 461 U.S. 540, 545 (1983)).  Nevertheless, to prevail on his retaliation claim, Mr. Mattingly must show that he was exercising a constitutionally protected right in the first instance.  To the extent Mr. Mattingly bases his retaliation claim on the activity of serving legal process, the law does not recognize such conduct as inherently expressive activity protected by the First Amendment.  *See id.* at 1246-47.

> **o.  Proposed Exhibit No. 37 (chart)**

The Court is inclined to exclude this exhibit, particularly in its present form, as Mr. Mattingly has not demonstrated why it necessary or probative of any material issue.  Fed. R. Evid. 401, 402, 403.  However, the Court will defer consideration of the admissibility of particular admissions contained in this chart, if there are discrete admissions that Mr. Mattingly wishes to affirmatively introduce into evidence.

**5.  Proposed Voir Dire**

Upon reflection, and after considering the proposed voir dire questions submitted by the parties, the Court will conduct voir dire.  As discussed at the pretrial conference, the Court will not ask voir dire questions that may be unduly intrusive on jurors' privacy and questions that seek to precondition jurors in favor or against one party or the other.  For example, proposed questions concerning prospective jurors' political views or who they believe "owns [their] body" are unduly intrusive and irrelevant.  Proposed questions concerning prospective jurors' views regarding their favorite amendment to the Bill of Rights (and why) are also irrelevant.  The only legitimate purpose of voir dire is to examine the prospective jurors for bias and partiality.

**6.  List of Interested Persons**

By **December 4, 2024**, the parties shall submit one joint list of interested persons and

entities. The joint list should include the names of the parties and witnesses who may or will be called at trial, the attorneys and their places of employment, and any other persons who were materially involved in working on the case. This list will be used to assist the Court and the parties in assessing whether any prospective jurors should be excused from service based on a connection with an interested person.

### 7. Jury Selection Process

In advance of jury selection, the parties should review the Court's Standing Order re Juror Questionnaires and Social Media Research, https://cand.uscourts.gov/standing-order-re-juror-questionnaires-and-social-media-research/.

All prospective jurors will be shown the Northern District of California's Unconscious Bias video, unless the Court sustains an objection to the video. The video is available for viewing on the Court's website at https://www.cand.uscourts.gov/attorneys/jury-video. Any objections to the showing of the video must be made no later than **December 4, 2024**.

In this district, all prospective jurors fill out a standard online questionnaire to determine whether they are legally qualified to serve as jurors. The questionnaire also asks for basic demographic and background information, and may include additional questions which the Court may select from those proposed by the parties. On December 11, 2024, the parties should arrive at the courthouse by no later than 8:00 a.m. to review the completed questionnaires prior to jury selection. Jury selection will begin at around 10:00 a.m. on December 11, 2024. Completed jury questionnaires must remain at the courthouse, and no copies thereof shall be made or retained by any party.

The jury will consist of 8 jurors. Each side has 3 peremptory challenges. Fed. R. Civ. P. 47; 28 U.S.C. § 1870 ("In civil cases, each party shall be entitled to three peremptory challenges.").

### 8. Jury Trial

The jury trial will be held in Courtroom 2, 5th floor, 280 South First Street, San Jose,

United States District Court
Northern District of California

California.[3]  The jury trial will be held on the following days, unless otherwise ordered by the Court:  **December 11-13, 16-17, 2024.**  Trial will begin following jury selection, and will be conducted from 9:00 a.m. to 2:00 p.m., with two fifteen-minute breaks, every court day.  Counsel and Mr. Mattingly may need to arrive earlier or stay later to address any matters that must be heard out of the presence of the jury.

Each side will have up to 30 minutes for opening statements.

Each side will have up to 6 hours for the presentation of evidence (direct and cross-examination of witnesses).

Each side will have up to 1 hour for closing arguments.

During deliberations the jury may take lunch and breaks whenever they choose to do so. The jury may deliberate on consecutive court days.

**9.  Exclusion of Witnesses, Recording, and Photographing**

All fact witnesses, other than the parties themselves, are excluded from the courtroom and may not have access to a record or summary of the trial evidence until they have completed their testimony, have been excused by the Court, and are not subject to recall.  Recording and photographing in the courtroom are prohibited.

**10. Order and Timing of Witnesses/Exhibits**

The parties are expected to provide each other with notice of the order and timing of witnesses to be called at trial, the exhibits to be used with each witness (other than for impeachment), and demonstratives to be used with witnesses, in opening statements and in closing arguments.[4]  The parties must confer in advance of trial regarding the manner and timing of such notices so that objections may be raised with and resolved by the Court without delaying the conduct of the trial.

---

[3] The parties may contact courtroom deputy Adriana Kratzmann, at vkdcrd@cand.uscourts.gov, to schedule a time to familiarize themselves with the courtroom and the courtroom technology, if they wish.

[4] For opening statement and closing argument, if the demonstrative, or a portion of it, merely summarizes statements a party intends to make in the statement or argument, that demonstrative or pertinent portion of it need not be disclosed to the other party or parties, unless the parties agree otherwise.

United States District Court
Northern District of California

**11. Trial Transcripts**

Instructions on how to file a request for a transcript using Form CAND-435 are available at https://cand.uscourts.gov/about/clerks-office/transcripts-court-reporters/.

**12. Electronic Equipment**

If a party wishes to bring electronic equipment or other large items into the courthouse, the party must file a request and proposed order with the Court by **December 4, 2024**.  Such equipment must be tested in the courtroom prior to trial.  Arrangements may be made with Judge DeMarchi's courtroom deputy, Adriana Kratzmann, at vkdcrd@cand.uscourts.gov.

**13. Assessment of Jury Costs**

If the parties reach a settlement and fail to notify the Court and dismiss the case by **December 9, 2024 at 3:00 p.m.,** the Court will assess jury costs pursuant to Civil Local Rule 40-1.  Such costs shall be evenly split between each side and may include juror fees, juror mileage reimbursement, and juror parking reimbursement.

**IT IS SO ORDERED.**

Dated: November 1, 2024

Virginia K. DeMarchi
United States Magistrate Judge